ORDER OF COURT
Although “the difference between the type of relief barred by the Eleventh Amendment and that permitted under Ex parte Young will not in many instances be that between day and night,” Edelman v. Jordan, 415 U.S. 651, 667, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), I believe that the panel opinion in this case is eminently correct in holding that the Eleventh Amendment does not bar the relief afforded by the district court. This ruling is correct because it is consistent with well-established precedent that places decisive weight on the impact a judgment has on the state treasury. See Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 49, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (“[T]he vast majority of Circuits ... have concluded that the state treasury factor is the most important factor to be considered ... and, in practice, have generally accorded this factor dispositive weight”) (first alteration in the original) (internal quotation marks omitted); Libby v. Marshall, 833 F.2d 402, 406 (1st Cir.1987)(stating that “[t]he damage the Eleventh Amendment seeks to forestall is that of the state’s fisc being subjected to a judgment for compensatory relief’). In this case the Eleventh Amendment poses no bar to relief because there is simply no impact on the state fisc, at present or in the future.
The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be denied.